UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GLEN EMMON KIRTON,

                Plaintiff,                        REPORT AND
                                                            RECOMMENDATION

            v.

MICHAEL J. ASTRUE,                         06 Civ. 4080 (KMK)(PED)
Commissioner of Social Security,

                Defendant.
--------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

    Plaintiff, Glen Emmon Kirton, who is acting *pro se*, commenced this action pursuant to 42 U.S.C. § 405(g) and/or 42 U.S.C. § 1383(c)(3), challenging the decision by the Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for supplemental security income on the grounds that he is not disabled. Presently before this Court are the parties' motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, I respectfully recommend that Plaintiff's Motion for Judgment on the Pleadings be GRANTED, Defendant's Motion for Judgment on the Pleadings by DENIED, and this case be remanded pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings.

I.    BACKGROUND

    Plaintiff Glen Emmon Kirton was born on September 19, 1957.[1] (R. at 44.)[2] He completed the eleventh grade but did not graduate from high school. (R. at 153.) Several years prior to his claim of disability, Plaintiff worked as a dishwasher. (R. at 153-154.)

---

[1] He was thus 48 years old on the date of issue, i.e., November 14, 2005, of the Administrative Law Judge's ("ALJ") decision. (R. at 16.)

[2] Notations preceded by "R" refer to the certified record of proceedings relating to this case submitted by Defendant.

He had previously earned money as a musician, playing the guitar and singing. (R. at 155.) Plaintiff alleges that he is disabled as of June 4, 2003, due to back and neck injuries sustained in an automobile accident that cause pain and limit his physical range. (R. at 61-62, 157.)

Plaintiff's physical condition is largely undisputed. Magnetic resonance imaging ("MRI") revealed a mild disc herniation at C6-7 disc space and a small herniated disc at L4-5 disc space (R. at 141-142.) The MRI's also revealed "no significant spinal stenosis or paravertebral soft tissue abnormality" and that "[v]isualized dural sac, nerve roots, and paraspinal soft tissue structures appear unremarkable." (R. at 141-142.) The impairments to Plaintiff's back cause pain. (R. at 14.)

On August 9, 2004, Plaintiff filed an application for supplemental security income ("SSI") claiming disability commencing on June 4, 2003. (R. at 12.) His application was denied on initial administrative review. Pursuant to Plaintiff's request, an ALJ conducted a hearing on November 4, 2005. The ALJ issued a written decision on November 14, 2005, concluding that Plaintiff was not entitled to SSI payments (R. at 12-16.) The ALJ's decision became the final decision of Defendant on March 3, 2006, when the Appeals Council of the Office of Disability Adjudication and Review denied review of said decision. This action followed.

II.   Standard of Review

Section 405(g) of Title 42 of the United States Code empowers a Social Security claimant to seek judicial review of the Commissioner's final decision denying such a claimant's application for disability benefits. District courts are empowered to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). Rather, the court must affirm the Commissioner's decision if it is supported by substantial evidence and if the proper legal standards were observed. *See Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997).

To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Snell v. Apfel*, 177 F.3d 128, 132 (2d Cir. 1999)(quoting *Mongeur v. Heckler*, 772 F.2d 1033, 1038 (2d Cir. 1983)). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). A court must defer to the Commissioner's factual findings and the inferences drawn from those facts, and the Commissioner's findings of fact are considered conclusive if they are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). However, the ALJ "has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings," *id.*, and remand is appropriate where necessary to insure an accurate assessment of a claimant's entitlement to benefits. *Burger v. Astrue*, 282 F.3d 883, 884-85 (2d Cir. 2008).

III.   Statutory Disability

The Social Security Act ("SSA") defines "disability" as "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months..." 42 U.S.C. § 423(d)(1)(A). In addition, a person is eligible for disability benefits under the SSA only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

Evaluating disability claims involves a five-step analysis:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. at pt. 404, subpt. P, app.1. If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999).

4

IV.  ALJ'S DETERMINATION

The ALJ applied the five-step procedure prescribed and concluded that Plaintiff was not disabled within the meaning of the SSA from claimed inception date through the date of issuance of the decision. At step one, the ALJ found that Plaintiff had not "engaged in substantial gainful activity since at least June 4, 2003." (R. at 12.) At steps two and three, the ALJ determined that Plaintiff's lumbar and cervical impairments were "severe" but did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Appendix 1 to Subpart P. At step four, the ALJ stated that, while Plaintiff "may retain the functional ability to work as a dishwasher and guitarist, it is unclear whether either of these jobs constituted past relevant work." (R. at 15.) Thus, the ALJ determined that step five of the analysis was required. At step five, the ALJ determined that "considering [Plaintiff's] age, education, past work and retained residual functional capacity for light work," Medical-Vocational Rule 202.17 as set forth in 20 C.F.R. Part 404, Appendix 2 to Subpart P applied and that Plaintiff was not disabled as defined in the SSA at any time from the claimed inception date.

V.  ANALYSIS

The parties do not dispute the validity of the ALJ's findings with regard to the first and second step of the five step evaluation process. Nor does Plaintiff appear to dispute the ALJ's finding at step three, i.e., that his impairments did not meet or medically equal an impairment in the listings (20 C.F.R. at Part 404, Appendix 1 to Subpart P). Instead, Plaintiff appears to contest the ALJ's determination that he has a residual functional capacity ("RFC") for work at a light level of exertion as defined in 20 C.F.R. at 416.967(b). D.E. 11, p. 6 ("[T]he ALJ proceeded to conclude...the claimant did have RFC

5

for light work and therefore was 'not disabled.'"; "the ALJ goes on to conclude...despite the severity that the evidence in the document, suggests a higher degree of functioning than plaintiff alleges").

The specific finding contested by Plaintiff, as set forth in the ALJ's report, reads as follows: "the claimant has the residual functional capacity to perform the full range of light work (20 CFR § 416.967)." (R. at 16.) The qualifications for an ability to perform light work are, as determined by the SSA:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. 419.967(b). As to these capabilities, the ALJ specifically found that "[t]he claimant has the residual functional capacity to lift up to twenty pounds and sit, stand and walk as needed." (R. at 16.)

The record contains no evidence that Plaintiff can lift 20 pounds at a time. The ALJ appears to acknowledge this: "there is nothing that shows the claimant is unable to lift the ten to twenty pounds inherent in work of a light nature." (R. at 14.) The ALJ goes on to observe that "at the hearing the claimant conceded he has no difficulty lifting at least 15 pounds." (R. at 14.) The hearing transcript indicates no such concession.[3] The

---

[3] The relevant portion of the hearing transcript reads as follows:

Q.   What would you say is the heaviest amount you can pick up and carry for a short distance? What does your guitar weigh, would you say?

6

ALJ also notes a similar lack of evidence with regard to Plaintiff's abilities as to other qualifications for light work: "there are no positive findings that show any limitations exist with respect to the claimant's ability to sit, stand and walk as needed throughout the course of an eight hour workday." (R. at 14.)   The ALJ's conclusion, then, regarding Plaintiff's ability to lift is supported solely by the absence of contrary evidence and an exaggerated interpretation of Plaintiff's testimony at the hearing.

There is abundant older authority stating that an ALJ cannot rely on the absence of medical findings concerning a claimant's capabilities as substantial evidence supporting the ALJ's determination of the claimant's work capacity, and that specific medical proof concerning a claimant's capabilities is required. *See, e.g., Castillo v. Apfel*, 1999 U.S.

---

A.  It doesn't weigh that much.

Q.  What would you estimate?

A.  10, 15 pounds or like that.  That's the most --

Q.  Would that be the heaviest you can pick up and carry?

A.  My guitar, you know, weighs -- that's about it.

Q.  Uh-huh.  What about an amplifier?  Can you pick up an amplifier?

A.  I can't really.  I could probably pick it up but I can't do any walking with it or anything.  I can't, you know --.

Q.  Okay.

A.  --because if I bend, to lift --

Q.  It's the bending that hurts?

A.  To lift anything, then I let it go.  I mean, the whole bottom feels like the bone just -- it's terrible at times.

(R. at 164.)

7

Dist. LEXIS 3048, at *29 (S.D.N.Y. 1999)(collecting cases). However, these cases are based upon the premise that the Commissioner bears the burden of establishing by substantial evidence, at step five, that the claimant retains the RFC to perform alternative work which exists in the national economy. *Id.*; *see also Curry v. Apfel*, 209 F.3d 117, 122-23 (2d Cir. 2000)(abrogated by regulation).

However, in 2003 the Commissioner promulgated new regulations which indicate that the Commissioner is not responsible for "providing additional evidence" concerning claimant's RFC at step five but will instead "use the same residual functional capacity assessment" used to determine the claimant's ability to do her past work at step four. 20 C.F.R. § 404.1560(c)(2). The Court of Appeals recently concluded that this regulation abrogated *Curry v. Apfel* (and presumably the legion of other cases) holding that the Commissioner had to prove a claimant's RFC at step five. *Poupore v. Astrue*, 2009 U.S. App. LEXIS 7882, at *4-6. (2d Cir. 2009). Under *Poupore*, there is only a "limited burden shift" at step five; the Commissioner "need only show that there is work in the national economy that the claimant can do . . . he need not provide additional evidence" of claimant's RFC. *Id.* at *5-6.

Thus, it is no longer the law that the ALJ may not rely upon a lack of evidence – as opposed to affirmative medical findings – in determining a claimant's RFC. Instead, it appears that such reliance is permissible because the claimant now bears the burden of establishing any limitations on his residual functional capacity.

However, in the non-adversarial context of a disability benefits hearing it remains the responsibility of the ALJ to fully develop the medical record so as to insure an

accurate assessment of a claimant's RFC. *See Perez v. Chater*, 77 F.3d 41, 47 (2d. Cir. 1996); *accord Burger v. Astrue*, 282 Fed. Appx. 883, 884-85 (2d Cir. 2008). Where, as in the instant case, the claimant is not represented by counsel, the duty to develop the administrative record is heightened.[4] *See Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d. Cir. 1982). Moreover, SSA regulations specifically authorize the ALJ to pay for a consultative examination where necessary to ensure a developed record. *Burger v. Astrue*, 282 Fed. Appx. at 885; *see also* 20 C.F.R. § 404.1512(f).

In this case, the medical documentation included in the administrative record is insufficient to support the negative inference drawn by the ALJ because Plaintiff's doctors were not asked to, and did not, provide any assessment of Plaintiff's functional limitations.[5] *See Castellano v. Astrue*, 2008 U.S. Dist. LEXIS 60904, at *19 (S.D.N.Y. 2008)(noting that "record is lacking the customary residual functional capacity assessment" from claimant's physicians). Instead, the medical records in the file consist entirely of raw treatment records provided in response to form letters from SSA requesting "all medical records." (R. at 75, 84, 86, 106, 110, 143.) Under these circumstances, the record upon which the ALJ based her decision is inadequate, and the matter should be remanded for the purpose of developing the record. *See Pettey v.*

---

[4] In the administrative hearing, Plaintiff Kirton was represented by one Glyne H. Dawson, a non-attorney representative. (R. at 12.) At the hearing, Dawson indicated that he does not regularly appear at Social Security disability hearings, but had done so on one prior occasion. (R. at 149.) Plaintiff was not represented by counsel.

[5] The ALJ's reliance on Plaintiff's recreational guitar playing, coupled with Plaintiff's "guesstimate" that his guitar weighs 10 to 15 pounds, is likewise an inadequate basis for concluding that Plaintiff can lift 20 pounds. Among other things, the ALJ never established whether Plaintiff played the guitar in a standing, sitting or reclining position; where Plaintiff stored his guitar; or indeed whether it was necessary for him to lift the guitar in order to play it.

*Astrue,* 582 F.Supp.2d 434, 436-37 (W.D.N.Y. 2008)(remanding "for the purpose of gathering additional medical records and reports").

I therefore recommend remanding the matter, pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings in which a complete record should be developed.

## VI.   CONCLUSION

For the reasons set forth herein, I respectfully recommend the Court DENY Defendant's Motion for Judgment on the Pleadings, GRANT Plaintiff's Cross-Motion for Judgment on the Pleadings, and remand the matter, pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings.

## VII.   NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of thirteen (13) working days, *see* Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

10

Dated: May 5, 2009
       White Plains, N.Y.

Respectfully submitted,

PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE