```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLEN EMMON KIRTON,

                Plaintiff,

   -v-

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

                Defendant.

No. 06-CV-4080 (KMK) (PED)

ORDER ADOPTING REPORT
AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

    Plaintiff Glen Emmon Kirton ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1381, *et seq.*, seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") to deny her disability insurance benefits. The Commissioner has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), requesting that the Commissioner's decision be affirmed and that Plaintiff's Complaint be dismissed. Plaintiff has cross-moved for judgment on the pleadings. Judge Colleen McMahon, who was originally assigned to this case, referred the case to Magistrate Judge Mark D. Fox.[2] The case was subsequently reassigned to Magistrate Judge Paul E. Davison, who filed a Report and Recommendation ("R&R") on May 5, 2009. Magistrate Judge Davison recommends that this Court remand to the Commissioner for further development of the administrative record, pursuant to 42 U.S.C. § 405(g), sentence four, and deny both

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of Social Security.

[2] The case was reassigned to the undersigned on August 6, 2007.

Parties' motions for judgment on the pleadings. (R&R 10.)

A district court reviewing a magistrate judge's report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(C)-(F), *see* Fed. R. Civ. P. 6(d), as was the case here (R&R 10).

Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. "However, where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted); *see also Eisenberg v. New Engl. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) ("The district court may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b)(2))). "In addition, a party's failure to submit an objection will waive that party's right to challenge the report and recommendation

on appeal." *Donahue*, 2007 WL 831816, at *1.

Here, neither Party has filed objections to Magistrate Judge Davison's R&R. Thus, the Court has reviewed the R&R for clear error. Finding none, the Court adopts the R&R in its entirety.[3]

The Court agrees with Magistrate Judge Davison that the Administrative Law Judge ("ALJ") had a duty to develop the record concerning Plaintiff's disabilities. The Second Circuit has held that, even where a claimant has the assistance of counsel (which Plaintiff did not have), an ALJ has an affirmative duty to seek additional information in order to develop a complete administrative record concerning the existence, nature, and severity of the claimed disability. *See Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998); *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."). "Toward this end, the ALJ must make every reasonable effort to help an applicant get medical reports from [his] medical sources." *Longbardi v. Astrue*, No. 07-CV-5952, 2009 WL 50140, at *21 (S.D.N.Y. Jan. 7, 2009). Specifically, as relevant here, "[t]he record as a whole must be complete and detailed enough to allow the ALJ to determine the [Plaintiff's] residual functional capacity [('RFC')]." *Casino-Ortiz v. Astrue*, No. 06-CV-155, 2007 WL 2745704, at *7 (S.D.N.Y. Sept. 21, 2007). If, as was the case here, the Commissioner finds that a plaintiff does not have the RFC to perform his past work, the Commissioner bears the burden of demonstrating "the existence of jobs in the economy that [P]laintiff can perform." *Longbardi*, 2009 WL 50140, at *23.

---

[3] The Court adopts the recitation of the factual and procedural background set forth by Magistrate Judge Davison in the R&R and assumes the Parties' familiarity therein.

3

Here, the Court agrees with Magistrate Judge Davison that "the medical documentation included in the administrative record is insufficient to support the negative inference drawn by the ALJ because the Plaintiff's doctors were not asked to, and did not, provide any assessment of Plaintiff's functional limitations." (R&R 9.) Accordingly, the Court finds that "the ALJ failed to develop the record sufficiently to make appropriate disability determinations" and a "remand for further findings . . . would plainly help to assure the proper disposition of plaintiff's claim." *Longbardi*, 2009 WL 50140, at \*37. Among other things, "[t]he Court questions the fact that the record contains no RFC assessments from any of plaintiff's treating physicians . . . . On remand, the ALJ should develop the record by obtaining RFC assessments . . . ." *Garrett v. Astrue*, No. 05-CV-6524, 2007 WL 4232726, at \*9 (W.D.N.Y. July 18, 2007); *see also Castellano v. Astrue*, No. 07-CV-4608, 2008 WL 2951925, at \*6 (S.D.N.Y. July 30, 2008) ("While . . . there is no basis to require the ALJ to ensure the record contains RFC assessments from treating physicians . . . a record on remand that includes this information would lend considerable support to any conclusion reached by the ALJ after further administrative proceedings."); *Jackson v. Barnhart*, No. 06-CV-213, 2008 WL 1848624, at \*12 (W.D.N.Y. Apr. 23, 2008) (remanding matter to ALJ where "[n]ot a single opinion of either the examining or the treating physicians specifically indicates how many hours plaintiff could work in a day given her moderate limitations"); *Brooks v. Astrue*, No. 08-73-C, 2009 WL 1418373, at \*2 (S.D. Ala. May 20, 2009) ("Where . . . the record contains no relevant RFC assessment, the ALJ is not free to speculate to determine what the evidence of record as a whole equates to in terms of physical abilities." (emphasis omitted)). Therefore, on remand, the ALJ should develop the record to make a proper assessment of Plaintiff's RFC.

Accordingly, it is hereby

ORDERED that the Report and Recommendation filed May 5, 2009 is ADOPTED in its entirety. It is further

ORDERED that both Parties' motions for judgment on the pleadings are DENIED. It is further

ORDERED that the case is REMANDED to the Commissioner for proceedings not inconsistent with this Order and the R&R, pursuant to the fourth sentence of 42 U.S.C. § 405(g). It is further

ORDERED that the Clerk of the Court is respectfully directed to remand the case to the Commissioner for proceedings consistent with this Order, terminate the pending motions (Dkt. No. 8), and close this case.

SO ORDERED.

Dated: July 27, 2009
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List (For Mail by Clerk's Office):

Glen Emmon Kirton
284 S. Columbus Avenue
Apt. M7
Mt. Vernon, NY 10550
*Pro Se Plaintiff*

John E. Gura Jr., Esq.
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007
*Counsel for the Commissioner*

Copy To:

Honorable Paul E. Davison
United States Magistrate Judge